IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ALEXANDRIA ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| REGIONS FINANCIAL CORP. | ) |
| | ) JURY TRIAL |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, ALEXANDRIA ANDERSON, by and through her attorneys, alleges for her Complaint as follows:

**I. INTRODUCTION**

1. Plaintiff, ALEXANDRIA ANDERSON, brings this action against REGIONS FINANCIAL CORP., for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

**II. THE PARTIES**

**A. THE PLAINTIFF**

2. Plaintiff, ALEXANDRIA ANDERSON, currently resides in Memphis, Tennessee and is a citizen of the United States.

3. Plaintiff was an FMLA "eligible employee," specifically under 29 U.S.C. Section 2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her leave.

## B. THE DEFENDANT

4. Defendant, REGIONS FINANCIAL CORP., employed Plaintiff in Memphis, Tennessee which is located within the Western District of Tennessee. It is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A).

5. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

6. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. Venue is proper in the Western District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

9. Plaintiff, who worked as a Relationship Banking Specialist in Defendant's Memphis call center, was involved in a vehicular accident in April of 2011. From this accident, Plaintiff suffered significant emotional trauma, including post-traumatic stress disorder.

10. Plaintiff's emotional trauma is a "serious health condition" under the FMLA, for which Plaintiff obtained treatment with a therapist and for which she required absences from work.

11. Plaintiff, as well as her therapist, requested a continuous FMLA leave for Plaintiff for absences from work in the months of August and September. Her physician timely completed a medical certification and submitted it to Defendant's human resources department.

12. Being unable to work, Plaintiff remained off work.

13. While off work, Plaintiff steadily called and reported her absences under the FMLA.

14. On or about September 9, 2011, while she was still off work and calling in her absences under FMLA, Defendant's human resources department advised Plaintiff that it knew she had requested FMLA continuous leave, but that it was denied "due to sufficient documentation not received." Instead of simply following up with Plaintiff, Defendant reflexively terminated her employment and refused to communicate with her.

15. To terminate Plaintiff, Defendant used absences which *should have been designated* under the FMLA to terminate Plaintiff's employment.

16. In the event Defendant needed further information, or in the event it misplaced or otherwise did not receive the medical certification, Derfendant did not afford Plaintiff any "opportunity to cure" or even engage in interaction with Plaintiff. It just terminated Plaintiff's employment.

17. Plaintiff protested that her absences were FMLA protected and that she had given timely notice, but Defendant's human resource representative would not speak to her nor alter the decision. Even when Plaintiff's medical provider sent another medical certification stating it was a "resend of previously faxed information," Defendant still would not reconsider.

## V. COUNT ONE—FMLA INTERFERENCE

18. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA. Defendant refused FMLA to Plaintiff, used FMLA qualifying absences against her, and did not restore her to her job.

## VI. COUNT TWO – FMLA RETALIATION

19. Plaintiff repeats and incorporates by reference the allegations contained in

Paragraphs 1-17 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising rights under the FMLA—taking what amounts to FMLA qualifying leave.

## VIII. PRAYER FOR RELIEF

20. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

    D. Reasonable attorneys' fees;

    E. The costs and expenses of this action;

    F. Such other legal and equitable relief to which Plaintiff may be entitled; and

    G. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC


s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF